IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| **ULTRATEC, INC. and CAPTEL, INC.**<br><br>Plaintiffs,<br><br>v.<br><br>**SORENSON COMMUNICATIONS, INC. and CAPTIONCALL, LLC,**<br><br>Defendants. | Civil Action No.: 3:14-cv-847<br><br>**TRIAL BY JURY DEMANDED** |

## COMPLAINT FOR PATENT INFRINGEMENT

Ultratec, Inc. ("Ultratec") and CapTel, Inc. ("CapTel") (collectively, "Plaintiffs"), by their attorneys, Quarles & Brady LLP, for their complaint against Sorenson Communications, Inc. ("Sorenson") and CaptionCall, LLC ("CaptionCall") (collectively, "Defendants"), hereby allege as follows:

## THE PARTIES

1. Plaintiffs are Wisconsin corporations with principal places of business at 450 Science Drive, Madison, WI 53711.

2. Upon information and belief, Sorenson is a Utah corporation with its principal place of business at 4192 South Riverboat Road, Salt Lake City, Utah.

3. Upon information and belief, CaptionCall is a Delaware limited liability company with its principal place of business at 4215 South Riverboat Road, Salt Lake City, Utah.

QB\31667594.1

## JURISDICTION

4. This is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. § 1, *et seq.* This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

5. This Court also has jurisdiction to declare the rights and other legal relations of the parties pursuant to 28 U.S.C. §§ 2201 and 2202, because this action presents a case of actual controversy within this Court's jurisdiction.

6. This Court has personal jurisdiction over Defendants because Defendants conduct substantial business in the State of Wisconsin and within the Western District of Wisconsin. Defendants make, import, sell, offer to sell, license, offer to license, and/or induce the use and/or sale of various infringing products and/or services, directly or through intermediaries, in or into Wisconsin and this judicial District, thereby causing injury and damages in Wisconsin and this judicial District which may result from acts committed outside Wisconsin or the judicial District, including but not limited to utilizing their own established distribution channels or distribution channels of an intermediary to market, sell, perform and/or license infringing products and services in Wisconsin and this judicial District. In conducting their business in Wisconsin and this judicial District, Defendants derive substantial revenue from infringing products and services being sold, used or consumed in Wisconsin and this judicial District, and will continue to do so unless enjoined by this Court.

7. Venue in this District is proper under 28 U.S.C. §§ 1391 and 1400(b) because, on information and belief, the accused acts of direct infringement occur in this District, as Defendants make or import infringing products in or into this judicial District, and/or sell, offer to sell, license, offer to license and/or induce the use and/or sale of infringing products and services by customers in this judicial District.

**FACTS GIVING RISE TO THIS ACTION**

8. Paragraphs 1-7 are incorporated by reference as if set forth here in full.

9. Since the early 1980s, Ultratec has been the principal supplier of equipment and services to facilitate communication by the deaf and hard-of-hearing in the United States, principally over telephone networks. Ultratec has been the market leader, supplying telecommunication devices for the deaf which permit the deaf to communicate with each other, and with hearing persons over conventional telephone networks.

10. As a part of its commitment to provide services and capabilities to the deaf community, for thirty years Ultratec has worked continuously to develop new and improved products to provide greater functionality to telecommunication devices for the deaf. Ultratec has developed and introduced to the market public pay phone TDD (telecommunication device for the deaf), voice pass through relay (for relaying communications between deaf and hearing person over the telephone system), and Turbo Code (for speeding up and simplifying communications using TDDs) used by both TDDs and relay services to speed up communications services for the deaf.

11. Ultratec has acquired a number of patents on its inventions.

12. Ultratec is the owner of United States Patent No. 8,908,838 ("the '838 Patent"), entitled "System for Text Assisted Telephony," properly issued on December 9, 2014. The '838 Patent has issued from United States Application Serial No. 14/299,531.

13. The '838 Patent is a continuation of U.S. Patent Application Serial No. 13/486,205, which is a continuation of United States Patent No. 8,213,578 ("the '578 Patent"), which is a continuation of United States Patent No. 7,319,740 ("the '740 Patent"), which is a continuation of United States Patent No. 7,003,082 ("the '082 Patent"), which is a continuation of United States Patent No. 6,603,835 ("the '835 Patent").

14. Ultratec's sister company, CapTel, is the exclusive licensee of the '838 Patent. Pursuant to the exclusive license agreement, CapTel has the right to sue for infringement of the '838 Patent and recover damages relating to any such infringement.

15. As a result of its 30 year history in introducing these products and creating innovations in telecommunications services for the deaf, Ultratec has been recognized by many organizations for its contributions in facilitating communication both among members of the deaf community and between the deaf community and hearing persons.

16. Beginning in 1994, Ultratec began to develop a system for computer-assisted operation of a relay system to facilitate communication between the deaf or hard-of-hearing and hearing persons. Relays are services offered to intermediate and support communication between deaf or hard-of-hearing persons and hearing persons. This development effort lead to a system for captioning telephone communications, and that system is operated by CapTel, by itself and through cooperative relationships with other providers of relay services across the U.S. Each state in the U.S. contracts with a vendor to provide relay services to the deaf and hard-of-hearing community, and as of today, the vast majority of these contracts are awarded to vendors using the CapTel technology from Ultratec.

17. All of the vendors who use the captioned telephone technology in cooperation with Ultratec and CapTel have signed agreements by which they sublicense the Ultratec technology from CapTel and by which improvements to the technology are licensed back to CapTel and then made available to the entire network and to other vendors. The companies which have signed such agreements include all the major providers of relay services for state contracts in the U.S., including AT&T, Sprint, and Hamilton.

18. The users of CapTel technology employ specially manufactured telephones made and sold by Ultratec.

19. The availability of captioned telephone services has revolutionized the connectivity of deaf and hard-of-hearing users across the country. These users can now communicate, at conversational speeds, with hearing users such as doctors, other caregivers, emergency personnel, and relatives, in a manner that has never been possible before. This capability has made captioned telephone services very popular in the deaf and hard-of-hearing community.

20. Defendants are vendors that have chosen to take advantage of this popularity by starting a relay system; however, Defendants have elected not to enter into a relationship with CapTel for captioned telephone technology.

21. Upon information and belief, Defendants are well aware of the Ultratec intellectual property covering captioned telephone technology, including but not limited to the family of patents that includes the '838 Patent. For example, in Case No. 3:13-cv-00346-bbc before this Court, Defendants were found to infringe the '578, '740, '082, and '835 Patents, among others. The '838 Patent is a continuation of these patents.

22. Upon information and belief, despite Defendants' knowledge of the family of patents that includes the '838 Patent, Defendants have elected to proceed in disregard of that intellectual property and to develop their own protocols and technologies not shared with other vendors in the network supporting the deaf and hard-of-hearing. In doing so, Defendants have proceeded and continue to proceed despite an objectively high likelihood of infringing the '838 Patent.

23. According to Sorenson's webpage (http://www.sorenson.com), Sorenson designs, manufactures, and markets communication products and services to deaf and hard-of-hearing individuals.

24. Accordingly to CaptionCall's webpage (http://www.captioncall.com), CaptionCall designs, manufactures, and markets communication products and services to deaf and hard-of-hearing individuals.

25. Defendants make, use, sell, offer to sell, license, offer to license, import, have made, used, sold, licensed, offered to sell and/or license and/or imported products and/or services that infringe or are used to infringe the '838 Patent.

26. Defendants' CaptionCall Model 57T infringes or is used to infringe the '838 Patent.

27. Defendants' relay and relay services infringe or are used to infringe the '838 Patent.

28. Defendants' captioned telephone services, including their services using their relay and CaptionCall Model 57T, infringe or are used to infringe the '838 Patent.

29. Defendants' products and services are specifically designed and used for assistive communications markets and thus are not capable of substantial noninfringing uses (*e.g.*, https://www.captioncall.com/CaptionCall/Default.aspx).

30. Defendants are instructing customers on how to use the accused products and/or services in an infringing manner (*e.g.*, ttps://www.captioncall.com/CaptionCall/CaptionCall/media/installdetails/CaptionCall_Setup_Guide_v1.1.pdf).

31. Customers of Defendants utilize one or more of Defendants' products and/or services in an infringing manner.

32. Defendants' infringement has damaged Plaintiffs, including by lost profits, as well as damaged Ultratec in lost sales of telephones and associated equipment.

33. As a result, Plaintiffs bring this action to seek damages and injunctive relief arising out of Defendants' infringing acts.

## COUNT I

### Infringement of U.S. Patent No. 8,908,838

34. Paragraphs 1 - 33 are incorporated by reference as if set forth here in full.

35. By their conduct, Defendants are directly infringing, inducing others to infringe, and/or contributing to infringement of at least claims 1 and 9 of the '838 Patent in violation of 35 U.S.C. § 271.

36. Upon information and belief, Defendants' infringement has been intentional, willful, and with a reckless disregard for the rights of Plaintiffs.

37. Defendants have caused Plaintiffs to suffer, and unless enjoined by this Court, will cause Plaintiffs to continue to suffer substantial injury, including lost profits, for which Plaintiffs are entitled to damages adequate to compensate them for Defendants' infringement.

## PRAYER FOR RELIEF

WHEREFORE Plaintiffs seek the following relief from this Court:

1. A judgment that Defendants have directly infringed and are directly infringing the '838 Patent;

2. A judgment that Defendants have induced and are inducing infringement of the '838 Patent;

3. A judgment that Defendants have contributed and are contributing to infringement of the '838 Patent;

4. A judgment that Defendants' infringement of the '838 Patent is willful;

5. A preliminary and permanent injunction issued pursuant to 35 U.S.C. § 283, restraining and enjoining Defendants and their officers, agents, attorneys and employees, and those acting in privity or concert with them, from infringement of the '838 Patent for the full term thereof and from inducing or contributing to infringement of the '838 Patent;

6. An award of damages to Plaintiffs including pre-judgment and post-judgment interest, in an amount adequate to compensate for Defendants' infringement of the '838 Patent, but in no event less than a reasonable royalty on Defendants' use of Plaintiffs' inventions, and that the damages be trebled pursuant to 35 U.S.C. § 284;

7. An award of costs and expenses in this action;

8. A declaration that this is an exceptional case and an award of attorneys' fees, disbursements, and costs of this action pursuant to 35 U.S.C. § 285; and

9. Such other and further relief as the Court may deem just and proper.

## **JURY DEMAND**

Plaintiffs demand a trial by jury on all issues properly tried to a jury.

Dated this 9th day of December, 2014.	*/s/ Stephen J. Gardner*
Anthony A. Tomaselli
aat@quarles.com
Kristin Graham Noel
kgn@quarles.com
Matthew Duchemin
md9@quarles.com
Josephine Benkers
josephine.benkers@quarles.com
Martha Jahn Snyder
martha.snyder@quarles.com
Stephen J. Gardner
stephen.gardner@quarles.com
QUARLES & BRADY LLP
33 East Main Street, Suite 900
Madison, Wisconsin 53703-3095
Tel.: 608.251.5000
Fax: 608.251.9166

***Attorneys for Plaintiffs Ultratec, Inc. and CapTel, Inc.***