IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ULTRATEC, INC. and CAPTEL INC.,

                Plaintiffs,                          ORDER

v.

                                              14-cv-847-jdp

SORENSON COMMUNICATIONS, INC.
and CAPTIONCALL, LLC,

                Defendants.

---

       This court is reluctant to stay a pending case, even when both sides request it, because usually a stay is just a delay that fosters neither efficiency nor fairness. But this is a case in which the defendants have shown that a stay is warranted, and so the parties' stipulated motion for a stay pending a decision of the Patent Trial and Appeals Board (PTAB), Dkt. 38, will be granted.

       This is the third in a series of patent cases in this court in which plaintiffs accuse defendants of infringing a family of patents relating to telecommunication technology for the deaf. The first case, No. 13-cv-346, went to trial last fall; post-trial motions are pending. The second case, No. 14-cv-66, has motions for summary judgment fully briefed and a trial set for September 28, 2015. This case, the third, is in its early stages, with trial set for August 8, 2016.

       The patents-in-suit in this third case, U.S. Patent Nos. 8,908,838 and 8,917,822, are continuations of the same family of patents at issue in the first case. Defendants successfully petitioned PTAB for *inter partes* review of eight of the patents at issue in the first case, and PTAB ultimately invalidated all but two of the challenged claims. But those two claims—claim 6 and 8 of U.S. Patent 6,603,835—are now the subject of another instituted *inter partes* review, which means that PTAB has made a preliminary determination that there is a reasonable likelihood that one or both of claims 6 and 8 are invalid.

The patents-in-suit in this case cover subject matter that is highly similar to claims 6 and 8 of the '835 patent. And defendants have petitioned PTAB for *inter partes* review of the patents-in-suit in this case as well. Dkt. 16-23 and Dkt. 16-24.

Ordinarily, the court would not readily issue a stay when the patents-in-suit are the subject merely of a petition for *inter partes* review, which PTAB has yet to evaluate. It would make little sense for a district court to expend the effort to dig into the merits of the petition to determine whether *inter partes* review was likely to simplify the litigation, when PTAB itself is required decide the petition reasonably promptly. But in this case, because claims related to those of the patents-in-suit are already the subject of an initiated *inter partes* review, the court is persuaded that it would be worth waiting to see if PTAB initiates review of the patents-in-suit in this case. Under the unusual circumstances of this case, in which PTAB has already made significant decisions concerning the validity of claims in the patent family, there is a reasonable likelihood that the PTAB decision will simplify the issues in this case.

The remaining factors pertinent to the stay analysis can be addressed succinctly. *VirtualAgility, Inc. v. Salesforce.com*, 759 F.3d 1307, 1309 (Fed. Cir. 2014) (setting out factors for considering a stay under the AIA provisions for covered business method patents); *NFC Tech. LLC v. HTC Am., Inc.*, No. 13-cv-1058, 2015 WL 1069111, at *2 (E.D. Tex. Mar. 11, 2015) (applying the *VirtualAgility* factors to *inter partes* review). The case is at an early point: we are a long way from completing discovery or reaching most substantive decisions. Defendants have pending a motion to dismiss plaintiffs' claims for willful infringement and for indirect infringement, but this motion is fully briefed, and the court can take it up if needed after the stay is lifted. The court sees no prejudice to plaintiffs in granting the stay, particularly because plaintiffs have joined in the request for the stay.

2

The court will stay this case only until PTAB decides whether it will institute review. If PTAB grants the petition and initiates review, the court will likely continue the stay, but it will not do so without hearing from the parties. Accordingly, when PTAB makes its decision, the parties should promptly inform the court of that decision and whether they request that the stay be lifted.

### ORDER

IT IS ORDERED that:

1. Defendants Sorenson Communications, Inc. and CaptionCall, LLC's motion to stay, Dkt. 34, is GRANTED, as stipulated by plaintiffs Ultratec, Inc. and CapTel, Inc. in Dkt. 38.

2. Defendants' motion to dismiss plaintiffs' claims for willful infringement and for indirect infringement, Dkt. 9, is DENIED without prejudice.

Entered April 30, 2015.

BY THE COURT:

/s/
_____
JAMES D. PETERSON
District Judge